UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ASCENCIO-ZETINO,

Petitioner,

v.

BRUCE SCOTT et al.,

Respondents.

CASE NO. 2:26-cv-02856-DGE

ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 1)

Petitioner José Ascencio-Zetino has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. No. 1.) Pursuant to 28 U.S.C. § 1915(a), the Court may permit an indigent litigant to proceed IFP if the litigant submits an affidavit that declares all assets, the nature of the action, and an entitlement to redress. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks removed). "This

generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance." *Portillo v. U.S. Citizenship & Immigr. Servs.*, No. C21-5312BHS, 2021 WL 3015201, *1 (W.D. Wash. June 2, 2021). A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987).

Petitioner's IFP application establishes his indigency. He is currently detained at the Northwest Immigration and Customs Enforcement Processing Center (*see* Dkt. No. 1-1 at 1–2) and appears to have limited funds available to afford the filing fee (Dkt. No. 1). The action, a petition for writ of habeas corpus challenging (1) the constitutional adequacy of the bond hearing he received and (2) the denial of his Due Process rights, does not appear to be frivolous or clearly without merit. *See Tripati*, 821 F.2d at 1369; (Dkt. No. 1-1 at 3).

Accordingly, Petitioner's IFP application (Dkt. No. 1) is GRANTED. The Clerk's office shall issue the Court's standard scheduling order for habeas corpus cases. The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of August 2026.

David G. Estudillo
United States District Judge